UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JO ANN PRESCOTT, ET AL.,

                  Plaintiffs,

    -against-

NATIONWIDE MUTUAL INSURANCE
COMPANY,

                  Defendant. x
----------------------------------------------------------

MEMORANDUM AND ORDER

17-CV-6508 (ENV) (ST)

VITALIANO, D.J.

      Jo Ann Prescott commenced this action on behalf of herself and Prescott Coverage, LLC d/b/a Prescott Insurance & Financial Services (collectively "Prescott"), against Nationwide Mutual Insurance Company ("Nationwide") alleging fraud in the assignment of servicing rights to plaintiffs in 2008 in that it concealed the existence of a federal lawsuit filed by Carlos Balcarcel ("Balcarcel"), who was the previous assignee of the servicing rights. *See* Complaint ¶¶ 31-33. Before the Court is the August 27, 2019 Report and Recommendation ("R&R") of Magistrate Judge Steven L. Tiscione, which recommends that (1) Nationwide's motion for summary judgment be granted and, (2) Nationwide's motion for sanctions be denied. Dkt. 36; *see also* Dkts. 34, 35. On September 10, 2019, Prescott filed timely written objections to portions of the R&R, and, on September 24, 2019, Nationwide responded.[1] *See* Dkts. 37 ("Objections"), 38 ("Response to Objections"). For the reasons that follow, the R&R is

---

[1] Rule 72(b) does not permit reply briefing unless filed with leave. Prescott having neither sought nor received leave, the reply briefing will not be considered on plaintiffs' objections to the R&R. *See Duncan v. Cigna Life Ins. Co. of New York*, No. 10-CV-1164 SJF ARL, 2011 WL 6960621, at *1 (E.D.N.Y. Dec. 30, 2011), *aff'd*, 507 F. App'x 61 (2d Cir. 2013); *In re MTC Elec. Techs. S'holder Litig.*, 74 F. Supp. 2d 276, 281 (E.D.N.Y. 1999).

1

adopted in its entirety as the opinion of the Court.

## Background

The Court presumes the parties' familiarity with the procedural history and underlying facts, which relate to Nationwide's relationship with Balcarcel, the agent previously contracted to handle the service territory that was the subject of Prescott's contract and whether Nationwide's supposed concealment of facts related to its prior relationship with Balcarcel masked a fraud in the inducement of Prescott to contract with Nationwide. Any further recitation of them here would be merely redundant and not helpful to an understanding of the R&R and the Court's adoption of it.

## Standard of Review

In reviewing a magistrate judge's R&R, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district judge need only be satisfied "that there is no clear error on the face of the record" to accept the R&R, provided no timely objection has been made in writing. *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

The district judge, on the other hand, is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). Significantly, though, objections that are general or conclusory, or that "merely recite the same arguments presented to the magistrate judge," do not constitute proper written objections and are reviewed only for clear error. *Sanders v. City of New York*, No. 12-CV-0113 (PKC) (LB), 2015 WL 1469506, at *1

(E.D.N.Y. Mar. 30, 2015) (citation omitted). Clear error exists "where, upon a review of the entire record, [the district judge] is left with the definite and firm conviction that a mistake has been committed." *Saveria JFK, Inc. v. Flughafen Wien, AG*, No. 15-CV-6195 (RRM) (RLM), 2017 WL 1194656, at *2 (E.D.N.Y. Mar. 30, 2017).

Discussion

In a pre-emptive strike, Nationwide puts the rules of engagement in issue, contending that all of Prescott's objections either restate original objections or attack the R&R in a general or conclusory manner, and as such, should be reviewed for clear error. Practically speaking however, Nationwide's contention is of no matter, because even if the objections are reviewed *de novo*, they fail and adoption of the R&R in its entirety as the opinion of the Court is warranted.[2]

In their overarching objection, plaintiffs attack the R&R's conclusion that Nationwide's failure to disclose the "circumstances" under which the Brooklyn territory was available and offered to Prescott was not material to the fraudulent inducement claim. Prescott argues, essentially, that the R&R is wrong on the law and that, in any event, there is a genuine dispute of fact as to the material terms of contract formation. Dkt. 37 at 1. The argument cannot withstand *de novo* scrutiny, much less the properly applicable clear error standard of review.[3]

---

[2] Neither Prescott nor Nationwide objected to Judge Tiscione's conclusion in part I.A of the R&R regarding Nationwide's contention that Prescott's claim is barred by the statute of limitations for fraud claims, or Judge Tiscione's recommendation in part II that the Motion for Sanctions be denied. Therefore, these sections of the R&R are reviewed for clear error. *See Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014). Consonant with that standard, the Court finds both rulings to be correct, well-reasoned and free of any clear error.

[3] On a different tack, Prescott's objection targets Judge Tiscione's conclusion that "the redlining discussion [highlighted in plaintiffs' opposition to summary judgment] is…a 'new claim' or 'change of theory'". Dkt. 37 at 5. But, the objection is belied by the record, the "redlining" discussion is, indeed, a new claim or change of theory put forth for the first time in plaintiffs' opposition to Nationwide's motion for summary judgment. *See* Dkt. 34-4 at 16-22. Judge

3

To begin, there can be no substantial dispute as to controlling New York law, which requires a party to establish the following four elements to prevail on a claim of fraud: "[1] a misrepresentation or a material omission of fact which was false and known to be false by defendant, [2] made for the purpose of inducing the other party to rely upon it, [3] justifiable reliance of the other party on the misrepresentation or material omission, and [4] injury." *Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009) (quoting *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 421 (N.Y.1996)).

Drilling further, a party may be liable under New York law for either fraud in the inducement, requiring a misrepresentation, or concealment, requiring a duty to disclose material information. *See* 28 N.Y. Prac., Contract Law §§ 5:5, 5:18. To prevail on a claim of fraudulent concealment, "a plaintiff must also prove that the defendant had a duty to disclose the material information." *Banque Arabe et Internationale D'Investissement v. Maryland Nat. Bank*, 57 F.3d 146, 153 (2d Cir. 1995). Though Prescott alleges "Fraud in the Inducement", the substance of the complaint focuses on fraudulent concealment, namely, that Nationwide failed to disclose the existence of the Balcarcel lawsuit. Therefore, Prescott must satisfy the four elements of common law fraud, plus show that Nationwide had a duty to disclose the existence of the suit.

Prescott's conclusory allegations cannot save plaintiffs' claim. *See BellSouth Telecommunications, Inc. v. W.R. Grace & Co.-Conn.*, 77 F.3d 603, 615 (2d Cir. 1996). Worse

---

Tiscione correctly concluded that this new claim, "that Nationwide defrauded them by engaging in redlining or using other 'discriminatory tactics' to prevent the sale of auto-insurance to low income prospective insureds in Brooklyn" (R&R at 22), bears no relation to Prescott's original claim of fraudulent inducement related to the servicing agreement and the Balcarcel lawsuit. It is settled law in this Circuit that it is inappropriate to raise new factual allegations or legal theories for the first time in submissions in opposition to summary judgment. *See Bush v. Fordham Univ.*, 452 F. Supp. 2d 394, 406 (S.D.N.Y. 2006); *Brown v. Magistro*, No. 10-CV-3705 (CS) (PED), 2011 WL 6399514, at *3 (S.D.N.Y. Dec. 20, 2011). Prescott's objection to the R&R on this point is without merit.

yet, Prescott engaged in the baldest of speculation in her objections that the R&R was erroneous because there was a genuine dispute as to other fraudulent conduct by Nationwide, namely the post-motion invention of a putative redlining claim against Nationwide, which the R&R effectively short circuited. This last resort argument, if anything, illustrates the baselessness of Prescott's objection.

As Judge Tiscione correctly found, the existence of the lawsuit was not material, much less an "essential fact" whose nondisclosure would render the transaction "inherently unfair". *Id.* Prescott's objections do not compel a different conclusion. No reasonable jury could find Nationwide had a duty to disclose the lawsuit. In sum, Nationwide did not have a duty, as a matter of law, to disclose the existence of Barcarcel's litigation and Prescott's conclusory assertions seeking to establish a material fact dispute undermining that conclusion, revived here in their objections, are not sufficient to upset the R&R's award of summary judgment to Nationwide. *Bush v. Fordham Univ.*, 452 F. Supp. 2d 394, 406 (S.D.N.Y. 2006); *Barbara v. MarineMax, Inc.*, No. 12-CV-0368 ARR, 2012 WL 6025604, at *11 (E.D.N.Y. Dec. 4, 2012).

Separately, Prescott's objection also relies on the theory that, as a longstanding Nationwide employee, she was somehow in a special relationship with Nationwide and, that the "special facts" doctrine applies, thus, requiring that Nationwide had a duty to disclose the Balcarcel lawsuit. Again, the acknowledgments Prescott made during discovery torpedo the objection. Regardless of what position the parties may have been in at the start of their negotiations, at the time of contract the facts alleged in the Balcarcel lawsuit had been provided to Prescott in disclosures and documents.

In any case, Judge Tiscione's R&R also correctly concludes that, even if, *arguendo*, Nationwide had a duty to disclose facts material to contract formation, the existence of the

5

Balcarcel lawsuit would not be material as a matter of law. "A statement or omission is material if there is a substantial likelihood that a reasonable [contracting party] would consider it important in deciding how to act." *IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) (citation omitted).

As made clear in the R&R, the record shows that Prescott was well aware of the material concerns that appear to have prompted the Balcarcel lawsuit against Nationwide. As the R&R concluded, there was no genuine dispute that Prescott was not aware of the coastal restrictions at the time plaintiffs entered into the servicing agreement, and she admits that Nationwide provided them with information and reports regarding the business before Prescott contracted with Nationwide for the servicing rights. Indeed, plaintiff Jo Ann Prescott herself testified that the flaws in the business had "nothing to do with Mr. Balcarcel". Dkt. 34-4 at 5. Divorced from these underlying facts already known to plaintiffs, the filing of a lawsuit re-alleging them is not alone material. *See, e.g. Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 310 (3d Cir. 2011). Consequently, the objection contending that the R&R recommending the grant of summary judgment to Nationwide is erroneous because there is a genuine dispute as to whether the failure to disclose the existence of the Balcarcel lawsuit amounted to fraudulent inducement cannot be sustained on *de novo* review, much less the applicable clear error standard of review.

## Conclusion

In line with the foregoing, Judge Tiscione's R&R is adopted in the entirety, Prescott's objections are overruled, and Nationwide's motion for summary judgment is granted and its motion for sanctions is denied.

The Clerk of Court is directed to enter judgment accordingly and to close the case.

So Ordered.

Dated: Brooklyn, New York

December 18, 2019

s/ Eric N. Vitaliano
_____
ERIC N. VITALIANO

United States District Judge